ALLEN, Acting Chief Judge.
The appeal of this case arises from a condemnation proceeding and from a mortgage foreclosure.
The Detroit Motel, Inc., was respondent in the condemnation proceedings below along with appellees, First Federal Savings & Loan Association of Tarpon Springs *470 and General Electric Credit Corporation. The appellees, State Road Department of Florida and Pasco County, were petitioners below. This case involves a conflict between the appellant, The Detroit Motel, Inc., and appellee, First Federal Savings & Loan Association of Tarpon Springs.
The Notice of Appeal filed in this case states:
“The Respondent, THE DETROIT MOTEL, INC., takes and enters its appeal to the District Court of Appeal, Second District of Florida, to review the order, judgment or decree of the Circuit Court for Pasco County, bearing date the 24th day of January, 1967, entered in the above-styled cause and recorded in Circuit Court’s Minutes Book H, page 258, on the 25th day of January, 1967, and to review the order, judgment or decree of the Circuit Court for Pasco County, bearing date the 27th day of September, 1966, entered in the above styled cause and recorded in Circuit Court’s Minutes Book G, on page 587, on the 28th day of September, 1966, and to review the order, judgment or decree of the Circuit Court for Pasco County, bearing date, the 20th day of July, 1966, entered in the above-styled cause and recorded in Circuit Court’s Minutes Book G, page 491, on the. 22nd day of July, 1966, and all parties to said cause are called upon to take notice of the entry of this appeal.”
The order, judgment or decree of the Circuit Court for Pasco County, bearing date the 24th day of January, 1967, was not a final judgment affecting the ap-pellees in this case. This judgment was based on a stipulation of the State Road Department, Pasco County and The Detroit Motel, Inc. In said judgment the General Electric Credit Corporation, a respondent, was ordered to be paid the sum of $5,000 from the sum of $31,440.00 deposited in the registry of the court by the petitioners in eminent domain.
It was further ordered in the January 24, 1967, judgment that The Detroit Motel, Inc., have and recover of and from the petitioners the sum of $35,470.00 in full payment for the respective properties taken and damages resulting to contiguous property, less any sums heretofore paid to the respondent, First Federal Savings & Loan Association of Tarpon Springs, on account of the taking of Parcels SRD No. 133.1, 133.2 and 133.3, and less the sum of $5,-000.00 to be paid to the respondent, General Electric Credit Corporation.
Thereafter the following paragraph appears in the final judgment:
“It is, further ORDERED and ADJUDGED that any rights which the Respondent, THE DETROIT MOTEL, INC., may now have to appeal any decision or order of this Court regarding the apportionment or division of any amount between the said Respondent, THE DETROIT MOTEL, INC., and the Respondent, FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF TARPON SPRINGS, are hereby reserved unto said Respondent, THE DETROIT MOTEL, INC.”
The above paragraph stated by the court in the judgment of January 24, 1967, could not have the effect of tolling the time in which an appeal could be taken under Florida Appellate Rule 3.2(b), 32 F.S.A.
The judgment further sets out that after payment of the sums above mentioned, title to the parcels involved should be vested in the petitioners, State Road Department and Pasco County, pursuant to the order of taking and the deposit of money heretofore made is approved, ratified and confirmed.
As we have stated, this judgment was entered January 24, 1967, and it is through this decree that the appellant seeks to reach two former orders of the court making payments to the appellee, First Federal Savings & Loan Association of Tarpon Springs, in this case.
*471 The appellant contends that the two former orders named in the Notice of Appeal were interlocutory orders and can be reached on appeal by the final judgment disposing of the subject matter of the appeal. It is the contention of the appellees that the two orders, bearing dates September 27, 1966 and July 20, 1966, are final judgments and not interlocutory and cannot be appealed since they were entered more than sixty days before the date of the appeal.
The order entered by the court on July 20, 1966, was on the petition of First Federal Savings & Loan Association of Tarpon Springs, hereinafter referred to as “First Federal Savings.” The petition sought an order to have paid to First Federal Savings $31,440.00, which was the total amount deposited in the registry of the court for payment of Parcels 133.1, 133.2 and 133.3, condemned by the State Road Department and Pasco County. The Detroit Motel, Inc., and General Electric Credit Corporation opposed the entry of this order.
The order recited that a final decree had been entered adjudicating that The Detroit Motel, Inc., was indebted to the First Federal Savings on its mortgage in the sum of $41,840.60 and that a mortgage sale was held on April 22, 1966, at which time the First Federal Savings bid the property in for $25,000.00. On May 3, 1966, the clerk issued certificate of title to First Federal Savings.
On April 16, 1966, the condemnors deposited in the registry of the court $31,-440.00, being the estimated value of the lands described as Parcels 133.1, 133.2 and 133.3.
General Electric Credit Corporation held a mortgage given it by The Detroit Motel, Inc., which was subordinate to that of the First Federal Savings.
First Federal Savings claimed it was entitled to the total sum of the deposit of $31,440.00, contending that under the theory of equitable conversion, when lands covered by a mortgage are condemned, the condemnation award is substituted as security. Alternatively, First Federal Savings contends that if it is not entitled to the entire deposit, it is entitled to so much of the $31,440.00 as is necessary to fully and completely satisfy its judgment debt of $41,-860.40.
The court also states that if the remainder of the lands sold to First Federal Savings had an actual value of $25,000.00 and the deposit of $31,440.00 was paid over and delivered to First Federal Savings, it would result in a payment to First Federal Savings of $56,440.00. The court below then denied the claim of this appellee to the total deposit of $31,440.00.-
The court said that it was conceded by The Detroit Motel, Inc., and General Electric Credit Corporation that First Federal Savings was entitled to so much of the monies on deposit as was necessary to satisfy its judgment debt. It is their contention that this will have occurred when payment is made to First Federal Savings of $16,860.40 from the deposit of $31,440.00. First Federal Savings contended that the value of the remainder of the mortgaged lands to which it received certificate of title is considerably and substantially less than the $25,000.00 bid price made by it. Consequently, First Federal Savings should be allowed such additional sums from the $31,440.00, over and above the $16,860.40 as would fully and completely satisfy its judgment debt.
The court then determined that the $25,000.00 bid made by the First Federal Savings at the foreclosure sale was not conclusive of the value of the lands or properties to which the certificate of title pertains and that First Federal was granted the privilege and opportunity of contesting the value of the properties purchased by it for the purpose of obtaining what amounted to a deficiency decree for the balance of its judgment.
*472 The court then ordered that the petition of First Federal Savings, praying that the sum of $31,440.00 be paid to it in full, be denied. The First Federal Savings was then granted leave to file, on or before August 10, 1966, its petition in the nature of a deficiency decree to be satisfied out of the deposit now in the registry of the court.
The court then states:
“(3) Detroit Motel, Inc. and General Electric Credit Corporation, objectors, having conceded both in their pleadings, memorandum brief, and in oral argument, that First Federal Savings and Loan Association of Tarpon Springs is entitled to a minimum of $16,860.40, being the balance due on its mortgage decree less $25,000.00 bid in at sale, now therefore, Honorable Stanley Burnside Clerk of the Circuit Court of Pasco County, is hereby ordered and directed to pay forthwith to First Federal Savings and Loan Association of Tarpon Springs, the sum of $16,860.40 from the deposit now in the registry of the Court for payments on parcels 133.1, 133.2 and 133.3.
“DONE AND ORDERED in Chambers, Clearwater, Pinellas County, Florida, this 20th day of July, A.D., 1966.
s/ B. J. Driver Circuit Judge.”
On September 27, 1966, on the petition of First Federal Savings & Loan Association of Tarpon Springs for payment from the deposit on Parcels 133.1, 133.2 and 133.3, an order was entered which provides as follows: The court first denied First Federal Savings’ petition for an order to pay over additional funds of $9980.25 as to Parcelts 133.1, 133.2 and 133.3 from the registry of the court. The court then stated :
“* * * the amount of the bid made by the petitioner Association of $25,000.-00 at the clerk’s sale in Chancery Cause 9753, Pasco County, Florida, was not the fair market value of the remainder of the property acquired by the Association after the taking of the parcels in question by the State Road Department of Florida, but that the fair market value of said remaining property was $19,000.-00, and that the petitioner Association is therefore entitled to the additional sum of $6,000.00 representing the difference between the fair market value of $19,-000.00 and the amount bid at said clerk’s sale of $25,000.00 together with interest on the $6,000.00 computed at the rate of 6% per annum from May 16, 1966 to the date of this hearing on August 31, 1966. * *
The order then proceeded to require the clerk of the court to pay to First Federal Savings the sum of $6,000.00 from the deposit now in the registry of the Court as to Parcels 133.1,133.2 and 133.3.
We hold that the above order of September 27, 1966, was a final judgment and disposed of all the issues between the First Federal Savings and The Detroit Motel, Inc. Therefore, since the appeal was not taken in this case until the 2nd day of March, 1967, which was more than 60 days after the entry of the final judgment of September 27, 1966, and since the judgment of January 24, 1967, does not affect the ap-pellee, First Federal Savings in this case in any way, this appeal shall be dismissed also.
Therefore, we hereby grant the motion of the First Federal Savings and Loan Association of Tarpon Springs to dismiss the appeal.
SHANNON and HOBSON, JJ., concur.